

SIDLEY AUSTIN LLP
787 SEVENTH AVENUE
NEW YORK, NY 10019
+1 212 839 5300
+1 212 839 5599 FAX

AMERICA • ASIA PACIFIC • EUROPE

JHUTCHINSON@SIDLEY.COM
+1 212 839 5398

February 26, 2019

**By ECF**

The Honorable Edgardo Ramos
U.S. District Court, Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    *In the Matter of Non-Party Subpoena Served in:*
            <u>*ABN AMRO Capital USA LLC, et al. v. Johnson, et al.*</u>, No. 18-mc-00554 (ER)

Dear Judge Ramos:

    We represent non-party AMERRA Capital Management, LLC ("<u>AMERRA</u>") in the above-referenced matter in which AMERRA has moved, pursuant to Rule 45 of the Federal Rules of Civil Procedure, to quash the subpoena for documents (the "<u>Subpoena</u>") issued by the plaintiffs in the proceeding *ABN AMRO Capital USA LLC, et al. v. Johnson, et al.*, No. 2:18-cv-00246 (D.N.J.) (the "<u>New Jersey Action</u>"). We write in response to the letter filed by Plaintiffs on February 25, 2019 (ECF No. 20) announcing that Plaintiffs, led by ABN AMRO Capital USA LLC ("<u>ABN</u>"), have filed a lawsuit against AMERRA in New York Supreme Court (the "<u>New York Complaint</u>").

    If any doubt remained, the filing of the New York Complaint now firmly establishes that ABN's non-party Subpoena has nothing to do with the New Jersey Action, and instead is a transparent attempt to get one-way discovery to support the claims that ABN always intended to pursue against its true litigation target: AMERRA. ABN's Subpoena is plainly aimed at obtaining new discovery from a non-party litigation target for use in other proceedings, an impermissible tactic that this Court repeatedly has rejected. *See Nicholas v. Poughkeepsie Sav. Bank/FSB*, No. 90 Civ. 1607, 1991 WL 113279, at *2 (S.D.N.Y. June 14, 1991) ("[W]hen the purpose of a discovery request is to gather information for use in proceedings other than the pending suit, discovery is properly denied."); *Night Hawk Ltd. v. Briarpatch Ltd., L.P.*, No. 03 CIV.1382 RWS, 2003 WL 23018833, at *8 (S.D.N.Y. Dec. 23, 2003) (granting a motion to quash a subpoena because "[d]efendants cannot use this subpoena to obtain information for use in state court proceedings").

    Indeed, while ABN previously conceded to this Court only that the documents it sought "*could* end up being responsive to a future action that has not been filed" against AMERRA (ECF No. 10, Opp. Br. at 3 (emphasis added)), it is now obvious that the Subpoena was in fact

# SIDLEY

The Honorable Edgardo Ramos
February 26, 2019
Page 2

carefully crafted to obtain discovery from AMERRA to support the claims it planned to bring against AMERRA, not to further the largely moot New Jersey Action against four lower-level employees from whom ABN has no hope of recovering its alleged damages.  For example, rather than targeting the four Civil-Only Defendants in the New Jersey Action – Nancy Pizzi, William Yu, Timothy Johnson, and Mary Johnson – ABN's Subpoena seeks documents and communications concerning *AMERRA's* "awareness" of, "reaction to," and "knowledge of" various improprieties in Transmar's financials and reporting.  (Subpoena, ECF No. 5-1, at Request Nos. 11, 15, 63.)  Similarly, the Subpoena seeks documents and communications concerning *AMERRA's* "internal approval, review, or analysis of" the exact year-end 2014 and year-end 2015 transactions that are the heart of ABN's claims against AMERRA in the now-filed New York Complaint, but in fact receive no more than a passing mention in the New Jersey Complaint.  (*See* Subpoena, ECF No. 5-1, at Request No. 25; *see, e.g.*, New York Complaint, ECF No. 20-1, at ¶¶ 64-65, 71-73.)

Moreover, this Court has refused to enforce non-party subpoenas served by a plaintiff who, like ABN, made the deliberate choice to litigate against that "non-party" in a separate proceeding.  *See In re Biovail Corp. Secs. Litig.*, 247 F.R.D. 72, 75 (S.D.N.Y. 2007) (rejecting subpoenas against non-parties where Biovail "could have made the non-parties from whom it now seeks discovery parties to this action," "but instead chose to pursue separate action in New Jersey").  Here, ABN's choice to sue AMERRA separately was deliberate.  ABN's New York Complaint is filed on behalf of the *same* eight Plaintiffs as the New Jersey Action, by the *same* law firm as the New Jersey Action, and for allegedly aiding and abetting the *same* fraud alleged in the New Jersey Action.  ABN knew all along it would sue AMERRA, but instead of naming AMERRA as part of its suit against the New Jersey defendants, ABN waited, hoping that it could first extract onerous one-way discovery from AMERRA through improper non-party subpoenas.[1]

Having decided to waste the last two years harassing AMERRA with abusive discovery tactics, ABN cannot be permitted to now complain that it is "subject to an entirely different pre-trial schedule than the New York Action" and that "the deadline for completing fact discovery in the New Jersey Action is July 23, 2019."  This is exactly the argument that this Court rejected in *Biovail*, where it held that "Biovail cannot have it both ways. It chose to proceed by separate litigation. It cannot now have combined discovery. Where the purpose of a discovery request is

---

[1] This is well illustrated by the fact that at a hearing more than two years ago, on February 1, 2017, ABN stood up in U.S. Bankruptcy Court and proclaimed that "it's beyond question" that AMERRA "sat at the center of the web of transactions which we believe were part and parcel of what brought down [Transmar]." (ECF No. 5-12, Hutchinson Decl. Ex. L at 37:23-38:1.)  By June 9, 2017, Judge Garrity recognized that:  "it's clear to the Court that ABN AMRO has identified Amerra as a litigation target and is seeking to utilize the liberal discovery available under Rule 2004 to further this ultimate litigation. That's not permitted." (ECF No. 5-17, Hutchinson Decl. Ex. Q at 22:7-11.)

# SIDLEY

The Honorable Edgardo Ramos
February 26, 2019
Page 3

to gather information for use in proceedings other than the pending suit, discovery is properly denied." *In re Biovail*, 247 F.R.D. at 75.[2]

      Accordingly, for these additional reasons and those previously briefed, we respectfully submit that this Court should grant AMERRA's Motion to Quash.

Respectfully submitted,

*/s/ John G. Hutchinson*

John G. Hutchinson

cc:    All counsel of record (by ECF)

---

[2] Tellingly, despite serving the Subpoena on AMERRA nearly four months ago, on November 6, 2018, ABN has steadfastly refused to request *any* discovery from the Civil-Only Defendants, and in fact has repeatedly sought to delay the deadline by which the Civil-Only Defendants must make Rule 26 disclosures that would reveal to ABN the identity of witnesses with discoverable information and the relevant documents in defendants' possession.